Case 4:23-cv-02478   Document 32   Filed on 01/27/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEELA ATHREYA, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02478 |
| § | |
| TEXAS A&M UNIVERSITY, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Texas A&M University's Motion for Summary Judgment (Dkt. 24). After carefully considering the motion, the response, the reply,[1] and the applicable law, the Court **GRANTS** the Motion (Dkt. 24) **IN PART**. Accordingly, Plaintiff Sheela Athreya's claim for retaliation is **DISMISSED**.

### I.   FACTUAL BACKGROUND

Plaintiff Sheela Athreya ("Athreya") is a professor at Defendant Texas A&M University's ("TAMU") main campus who was recruited to teach Anthropology in Education City at TAMU-Qatar, beginning in the fall of 2020. (Dkt. 24 at p. 13). Athreya

---

[1] Defendant further requests in its reply that the Court strike Plaintiff's allegation—proffered in her response—that the Liberal Arts Program Chair was removed in retaliation for his reporting of sex discrimination. (Dkt. 29 at p. 13); *see* (Dkt. 28 at p. 24 – 25). The Court ultimately finds that Plaintiff did not suffer a retaliatory adverse employment action, rendering the issue of whether Plaintiff engaged in protected activity moot. Additionally, Defendant requests that the Court strike the hearsay found in Exhibit H of Plaintiff's response. (Dkt. 29 at p. 13); *see* (Dkt. 28-8). However, "[a]t the summary judgment stage, evidence need not be … presented in an admissible form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017). Accordingly, both of Defendant's requests are **DENIED**.

1 / 7

agreed to a two-year appointment at TAMU-Qatar and served in a "joint-faculty appointment," "meaning she was still employed by and had tenure at TAMU." (*Id*. at pp. 13 – 14). In August of 2021, the Dean of TAMU-Qatar, César Malavé ("Malavé"), notified the Liberal Arts Program Chair that he did not intend to renew Athreya's appointment. (*Id*. at p. 14). While TAMU-Qatar employed multiple professors from the main campus, "Athreya was the only female, and the only one whose contract was not renewed by Dean César Malavé." (Dkt. 28 at p. 5).

After her non-renewal, Athreya allegedly participated in a Title IX investigation against Malavé, assisted the Liberal Arts Program Chair in "authoring a sex discrimination complaint against Malavé," requested her own formal investigation into Malavé's sex discrimination against Athreya, and "was interviewed by the Title IX office based on the sex discrimination complaint." (Dkt. 28 at p. 10). Within two months of this alleged activity, Malavé held a meeting for the faculty members. (*Id*. at p. 9). During this meeting, Malavé demonstrated "aggressive, hostile behavior." (*Id*. at p. 10). Specifically, Malavé was angry, had a red face, stared angrily at the faculty, glared at the faculty, slammed a notebook on his desk, and spoke aggressively. (*Id*. at pp. 27 – 28).

Athreya brings two claims under Title VII against TAMU—one for sex discrimination and one for retaliation. (Dkt. 1 at pp. 11 – 12). Athreya alleges that TAMU declined to renew her joint-faculty appointment at TAMU-Qatar because she is a woman. (Dkt. 28 at p. 5). Further, Athreya alleges that Malavé's aggressive behavior in the faculty meeting was in retaliation for her various roles in investigating Malavé for sex

discrimination. (*Id*. at p. 24). TAMU disputes both claims and moves for summary judgment. (Dkt. 24).

## II.   LEGAL STANDARD AND APPLICABLE LAW

### A.   Summary Judgment

Rule 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, the Court must construe "the evidence in the light most

favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## B.    Title VII of the Civil Rights Act of 1964

Title VII prohibits discrimination "against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Notably, "[a] party must be an employer to be liable under Title VII." *Stewart v. BrownGreer PLC*, No. 14–1980, 2015 WL 6159127, at *2 (E.D. La. Oct. 20, 2015), *aff'd sub nom. Stewart v. BrownGreer, P.L.C.*, 655 F. App'x 1029 (5th Cir. 2016).

"Both discrimination and retaliation claims under Title VII are subject to the *McDonnell Douglas* burden-shifting framework." *Jones v. Gulf Coast Rest. Grp.*, Inc., 8 F.4th 363, 368 (5th Cir. 2021). Under this framework, if the plaintiff establishes a prima facie case, "they establish a presumption of discrimination. The burden then shifts to the employer to provide a 'legitimate, nondiscriminatory reason' for its employment action. The plaintiff must then respond with evidence showing the employer's proffered explanation as a mere pretext for discrimination." *See DeVries v. Harris Cty.*, 643 F. Supp. 3d 696, 702 (S.D. Tex. 2022) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)) (internal citations omitted).

## III.    ANALYSIS

The Court finds that summary judgment is not appropriate for Athreya's discrimination claim under Title VII because genuine issues of material fact exist

including, but not limited to, whether TAMU's legitimate, non-discriminatory reason for declining to renew Athreya's joint-faculty appointment is pretextual. However, the Court holds that there is no genuine issue as to Athreya's retaliation claim under Title VII because Athreya fails to demonstrate an adverse employment action. Accordingly, TAMU is entitled to summary judgment on Athreya's retaliation claim.

### A.     Discrimination Claim

The Court finds that genuine issues of material fact exist for Athreya's discrimination claim against TAMU under Title VII. Taking the evidence in the light most favorable to Athreya, the Court finds that the fact issues include, but are not limited to, whether TAMU's legitimate, non-discriminatory reason for declining to renew Athreya's joint-faculty appointment is pretextual.

### B.     Retaliation Claim

The Court holds that TAMU is entitled to summary judgment on Athreya's retaliation claim under Title VII. To establish a prima facie retaliation claim under Title VII, Athreya must show that: "(1) she engaged in an activity protected by Title VII; (2) she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004)). The Supreme Court has explained that the adverse action in a retaliation claim "must be harmful to the point that [it] could well dissuade a reasonable worker from" engaging in an activity protected by Title VII. *Burlington N.*, 548 U.S. at 57. Simply put,

Title VII does not protect from "trivial harms" or a "simple lack of good manners." *Id*. at 68.

Athreya argues that Malavé's "berating and aggressive behavior" at the faculty meeting qualifies as an adverse employment action under Title VII. (Dkt. 28 at p. 26). In support of this contention, Athreya describes Malavé as, among other things, speaking with anger, staring at Athreya with anger, having a red face, pacing the room, and slamming his folder on the desk. (*Id*. at pp. 27 – 28). The Court disagrees that this behavior transcends a petty slight and finds that such behavior in a faculty meeting would not dissuade a reasonable worker from engaging in activity protected by Title VII. *See Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 470 (5th Cir. 2021) (quoting *Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000)) ("criticism, such as [a supervisor's] oral threats or abusive remarks, does not rise to the level of an adverse employment action"). As such, no genuine issue exists as to whether Athreya suffered an adverse employment action in retaliation for protected behavior, and the Court grants TAMU's motion for summary judgment as to Athreya's retaliation claim.

## IV.   CONCLUSION

The Court finds that a genuine issue of material fact exists as to Athreya's discrimination claim under Title VII against TAMU; however, the Court finds that no genuine issue exists as to Athreya's retaliation claim under Title VII against TAMU. Accordingly, the Court **GRANTS** TAMU's Motion for Summary Judgment (Dkt. 24) **IN**

**PART** as to Athreya's claim for retaliation under Title VII. Athreya's retaliation claim is **DISMISSED**, and the Motion (Dkt. 24) is otherwise **DENIED**.

SIGNED at Houston, Texas on January 27, 2025.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE