UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEELA ATHREYA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-2478 |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## JURY CHARGE

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may

1

not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## A. Burden of proof and types of evidence

Plaintiff Sheela Athreya ("Athreya") has the burden of proving her claim by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Athreya has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## B. Plaintiff Athreya's claim

Plaintiff Athreya claims that Defendant Texas A&M University ("TAMU") discriminated against her because of her gender by nonrenewing her contractual joint appointment. Defendant TAMU denies Plaintiff Athreya's claims and contends that its decision was not related to her gender.

It is unlawful for an employer to discriminate against an employee because of the employee's gender. Unlawful discrimination can include termination of a qualified individual because of their gender. An employer may, however, decide not to renew an employee's contract based on other legal reasons, regardless of whether that reason is fair.

To succeed in this case, Plaintiff Athreya must prove each of the following by a preponderance of the evidence:

1. Defendant TAMU determined to not renew Plaintiff Athreya's joint faculty appointment at Texas A&M University at Qatar; and

2. Defendant TAMU would not have determined to not renew Plaintiff Athreya's joint faculty appointment in the absence of—in other words, but for—her gender.

Plaintiff Athreya does not have to prove that unlawful discrimination was the only reason Defendant TAMU determined not to renew her contract. But Plaintiff Athreya must prove that Defendant TAMU's decision would not have occurred in the absence of such discrimination.

If you find that the reason Defendant TAMU has given for not renewing Athreya's contract is unworthy of belief, you may, but are not required to, infer that Defendant TAMU would not have decided to not to renew Plaintiff Athreya's joint faculty appointment but for her gender.

### C. Damages

If you found that Defendant TAMU discriminated against Plaintiff Athreya because of her gender, then you must determine whether it has caused Plaintiff Athreya damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Athreya has proved liability.

Plaintiff Athreya must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Athreya need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Athreya would have earned in her employment with TAMU if she had remained in Qatar, minus the amount of earnings and benefits that Plaintiff Athreya received from employment during that time; and (2) compensatory damages, which includes mental anguish, stress, pain, anxiety, loss of enjoyment of life, and other damage.

Back pay includes the amounts the evidence shows that Plaintiff Athreya would have earned had she remained appointed by Defendant TAMU to Texas A&M University at Qatar. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant TAMU proves by a preponderance of the evidence Plaintiff Athreya received during the period in question.

To recover compensatory damages for mental and emotional distress, Plaintiff Athreya must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be supported by doctors, psychologists, or other witnesses, but Plaintiff Athreya must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Athreya for any injury she has sustained. Do not include as actual damages interest on wages or benefits.

SIGNED at Houston, Texas on June 10 2025.

_George C. Hanks_

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE